## REDDING *vs.* PRICE.

The Act of 1857, authorizing bail process against the maker of a promissory note, at the instance of the security or endorser, is inapplicable to suits pending at the time the affidavit is made.

Complaint, in Webster Superior Court. Tried before Judge PERKINS, at the September Term, 1860.

The facts and questions exhibited by the record in this case, are as follows, to-wit:

John V. Price brought an action, in Webster Superior Court, against John E. Plunket, as maker, and William R. Redding, as endorser, to recover the amount of a promissory note for $78 50, dated the 11th of January, 1858, due at one day, payable to S. B. Hawkins, or bearer, made by the said Plunket, and endorsed by the said Redding.

The action was commenced on the 21st day of February, 1859.

On the 3d day of September, 1859, Redding made an affidavit "that John E. Plunket was indebted to John V. Price, by promissory note, dated 11th of January, 1858, and

due one day after date, for $78 50 ; that defendant was endorser on said note, and that he apprehends that the payment of the debt, or some part of it, will devolve on himself, if the said Plunket is not held to bail."

This affidavit was handed to the attorney of Price, who immediately filed the same in office.

Upon this affidavit, without any process attached thereto, or any endorsement being made thereon, Plunket was arrested, and imprisoned in the common jail of Webster county. Afterwards, he gave bond and security, notified his creditors, took the oath prescribed for insolvent debtors, and was discharged, according to law, at the September Term of Webster Superior Court. Plunket withdrew the notice of his intention to avail himself of the benefit of the Acts passed for the relief of honest and insolvent debtors, which had been served on the plaintiff, Price, in order to obtain the services of Col. Hawkins, in the matter of his application to be discharged ; Hawkins being Price's attorney, and being unable to aid Plunket, unless the notice to Price should be withdrawn.

At the September Term, 1859, a verdict and judgment were rendered in favor of Price, against Plunket, maker, and Redding, endorser, for the amount of the note sued on.

From this judgment Redding, on his part, entered an appeal, and, at the March Term, 1860, filed a plea, "that he was released from liability on the note sued on, by reason of the failure of the plaintiff to issue bail process against Plunket, the endorser having made his affidavit, and presented the same to the attorney of the plaintiff, in terms of the statute."

On the trial of the case on the appeal, counsel for Redding tendered, in evidence, the original affidavit made by him as aforesaid, together with the entry thereon of the defendant's arrest by the sheriff, to which counsel for the plaintiff objected, on the ground, that Plunket had been arrested and imprisoned by virtue of said affidavit, and that it had performed all the office of a bail process regularly sued out; and on the further ground that suit was pending on

the note at the time the affidavit was made and handed to the plaintiff's attorney, and the Act of 1857 did not apply.

The objection was sustained, and the affidavit and return were repelled by the presiding Judge, and counsel for Redding excepted.

Redding then confessed a judgment, with leave to except to the ruling of the Court, and error is assigned on the decision of the Judge repelling the affidavit, and a reversal of the judgment is asked on that ground.

SAMUEL C. ELAM for plaintiff in error.

WILLIS A. HAWKINS, for defendant in error.

*By the Court*—JENKINS, J., delivering the opinion.

The Act of 1857, under which the bail process offered in evidence was sued out, is, by its terms, inapplicable to suits pending. It provides, that when a security, or endorser, shall file an affidavit, like that now tendered, it shall be the duty of the holder of the note immediately " to commence suit," and file the affidavit, etc.

Either it does not apply to the holder of a note who has already commenced suit on the note, or it requires him to institute a second suit. The latter proposition would seem to be so unreasonable as scarcely to require consideration. It is argued, that bail process may be as important to the security in a case pending, as when none had been instituted. It may truly be so, but that is an argument for the Legislature, not for this Court. Besides, if this view be erroneous, if the Act of 1857 authorizes a security, or endorser, to have bail process against the maker of a note, pending suit against him, the record before us shows that the defendant in error did all that, by a fair construction of the Act, could be required of him. He immediately filed the affidavit in the office of the Clerk of the Court in which this suit was pending. If any officer of the Court failed to discharge his duty after that, and by reason of such failure, plaintiff in error lost the benefit of the remedy, his recourse is upon such offi-

cer. This evidence could not, in any view of the case, have affected the rights of the defendant in error, and was, therefore, properly excluded.

Judgment affirmed.